CONNECTICUT MUT. LIFE INS. Co. *v.* FISHER and another.

*(Circuit Court, E. D. Missouri, E. D.   May 7, 1887.)*

INSURANCE—LIFE—ASSIGNMENT OF POLICY—INSURABLE INTEREST.
  Where A. assigned a policy of insurance upon his life to B., in full satisfaction of a debt due the latter, and B. assigned the policy to C., to secure a debt which he owed him, and C. assigned the debt secured by the policy to D., and, after A.'s death, B. and D. both claimed the proceeds of the policy which the insurer paid into court, B. claiming on the ground that neither C. nor D. had ever had any insurable interest in A.'s life, and it appeared that neither B., C., nor D. had any insurable interest in A.'s life at the time of his death, *held* that, as between the two claimants, D. was entitled to the fund.

In Equity.
*Dyer, Lee & Ellis,* for the Insurance Company.
*Broadhead & Haeussler,* for Holthaus.
*Frank K. Ryan,* for Fisher.

THAYER, J., (*orally.*)   The claimants of the fund which has been paid into court in this case are respectively assignees of the policy of life insurance out of which the fund arises.   Henry J. Stroh, on whose life the risk was taken, assigned the policy to defendant Fisher in payment and discharge of a debt, and not merely as security therefor.   Fisher, as appears from his answer, made an out and out purchase of the policy, and became the absolute owner of the same.   He then assigned it to the United States Savings Institution as security for a debt which he owed that bank.   Subsequently, by a purchase of the debt, Holthaus succeeded to all the rights of the bank under the policy.   Fisher now contends that, as neither the bank nor Holthaus were creditors of Stroh, they had no insurable interest in the assured life, and consequently that Holthaus is not entitled to the fund.   If the point is well made as against defendant Holthaus, it would seem to be equally tenable as against the claim of Fisher.   Fisher avers that he purchased the policy.   By taking an assignment of the policy in discharge of his debt, and not merely by way of security, he extinguished the relation of debtor and creditor as between himself and Stroh, and, as it would seem, had no further insurable interest in the life of the latter.   As the death of the assured would expedite the payment of the policy, it would rather appear that such an

event would be to the advantage of the assignee of the policy, and thus lay the assignment or purchase open to the objection that it was against public policy. In point of fact, the transaction whereby each claimant acquired the policy was not intended as a mere speculation or wager. Fisher undoubtedly took the policy to secure as much as he could of a bad debt, and the United States Savings Institution, now represented by Holthaus, evidently loaned money to Fisher in good faith, and in the ordinary course of business, taking the policy as collateral.

The defense of want of insurable interest, in my judgment, might have been invoked by the insurer with as much reason against one claimant as against the other, as neither claimant appears to have had any interest in prolonging the assured life after the respective assignments were made. The insurer, however, has waived the defense of want of insurable interest, by paying the fund into court, and confessing its absolute liability on the policy either to Fisher or to Holthaus. As between the two claimants, I consider that Holthaus has the superior right, inasmuch as he holds the policy under and by virtue of a transfer of the same by Fisher, whereby the latter pledged the proceeds thereof when the policy became payable to secure his own debt. I have not overlooked the case of *Warnock* v. *Davis*, 104 U. S. 775, wherein the supreme court of the United States have held that the assignee of a policy must have some interest in the life of the assured to entitle him, under an assignment of a policy, to hold and retain the proceeds thereof. This case, however, under the facts as above stated, does not seem to call for an application of that doctrine. The controversy here is between two successive assignees of a policy, and not between an assignee of a policy and the personal reppresentative of the assured. For the purposes of this decision, it is conceded by the pleadings that one or the other of the assignees of the policy is entitled to the fund; and in that view of the matter, and for the reasons above indicated, I am of the opinion that Holthaus has the superior right.

A decree will be entered disposing of the fund in the manner above indicated.